Ralph EARLY, Plaintiff/Respondent,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant/Appellant.

No. ED 83628.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 7, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 2005.

Application for Transfer Denied
Aug. 30, 2005.

William A. Brasher, St. Louis, MO, Charles G. Cole, Washington, D.C., for Appellant.

Jerome J. Schlichter, Roger C. Denton, St. Louis, MO, for Respondent.

Before GEORGE W. DRAPER III, C.J. and ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ.

### ORDER

PER CURIAM.

This is a personal injury case brought pursuant to the Federal Employers' Liability Act (FELA), 44 U.S.C. Sections 51 et seq. (2000), in which Ralph Early (Early) brought suit against his employer, the Burlington Northern and Santa Fe Railway Company (BNSF) for injuries sustained to his lower back when a ladder he was working on collapsed. The case was tried before a jury, which found in favor of Early and awarded him $5.5 million in damages. On appeal, BNSF argues the trial court (1) erred by excluding testimony, exhibits, and exemplars regarding the ladder because there was no evidence BNSF had intentionally destroyed the ladder, disobeyed any court order, or acted in bad faith, (2) erred in admitting evidence of subsequent remedial measures regarding purchase of a long-handled squeegee after the alleged accident, (3) erred in refusing to correct the jury instructions to reflect that reasonable foreseeability was an essential element of a FELA negligence claim, and (4) abused its discretion in refusing to continue the trial because of the absence of Kevin Rainey, BNSF's corporate witness. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the

claim of error was not preserved. An opinion reciting the detailed facts and re-stating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).